1   Todd M. Friedman (SBN 216752)
    Meghan E. George (SBN 274525)
2   Adrian R. Bacon (SBN 280332)
3   Thomas E. Wheeler (SBN 308789)
    LAW OFFICES OF TODD M. FRIEDMAN, P.C.
4   21031 Ventura Blvd., #340
5   Woodland Hills, CA 91364
    Phone: (323) 306-4234
6   Fax: 866-633-0228
7   tfriedman@toddflaw.com
8   mgeorge@toddflaw.com
    abacon@toddflaw.com
9   twheeler@toddflaw.com
10  Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ABANTE ROOTER AND PLUMBING INC; SIDNEY NAIMAN; WILLIAM LOFTUS; TERRY FABRICANT; and LOUIS FLOYD,** individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION** |
| | **COMPLAINT FOR VIOLATIONS OF:** |
| Plaintiffs, | |
| vs. | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| **HIT SQUAD MARKETING LLC;** DOES 1 through 10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendant(s). | |

Plaintiffs, **ABANTE ROOTER AND PLUMBING INC, SIDNEY NAIMAN, WILLIAM LOFTUS, TERRY FABRICANT, and LOUIS FLOYD** ("Plaintiffs"), on behalf of themselves and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiffs brings this action for themselves and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of HIT SQUAD MARKETING LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiffs' privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiffs, all residents of California, seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Florida limited liability company.  Plaintiffs also seek up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United States District Court for the Northern District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the state of California and more than half of named Plaintiffs reside within this District.

## PARTIES

4.     Plaintiff, ABANTE ROOTER AND PLUMBING INC ("Plaintiff ABANTE"), is a rooting and plumbing business in Emeryville, California and is a "person" as defined by 47 U.S.C. § 153 (39).

5.     Plaintiff, SIDNEY NAIMAN ("Plaintiff NAIMAN"), is a natural person residing in San Ramon, California and is a "person" as defined by 47 U.S.C. § 153 (39).

6.     Plaintiff, WILLIAM LOFTUS ("Plaintiff LOFTUS"), is a natural person residing in Thousand Oaks, California and is a "person" as defined by 47 U.S.C. § 153 (39).

7.     Plaintiff, TERRY FABRICANT ("Plaintiff FABRICANT"), is a natural person residing in Los Angeles County of the state of California and is a "person" as defined by 47 U.S.C. § 153 (39).

8.     Plaintiff, LOUIS FLOYD ("Plaintiff FLOYD"), is a natural person residing in Santa Clara County, California and is a "person" as defined by 47 U.S.C. § 153 (39).

9.     Plaintiffs ABANTE, NAIMAN, LOFTUS, FABRICANT, and FLOYD  will hereinafter be referred to collectively as "Plaintiffs."

10.     Defendant, HIT SQUAD MARKETING LLC ("Defendant" or "DEFENDANT"), is a marketing company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

11.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

12.     Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or omissions

complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

13.    Beginning in or around January of 2019, Defendant contacted Plaintiff ABANTE twice on its cellular telephone ending in -1636, in an effort to sell or solicit its services.

14.    During the next two years, Defendant contacted the remainder of Plaintiffs on their cellular telephones, in an effort to sell or solicit its services.

15.    Defendant called Plaintiff NAIMAN on or around March 29, 2019 on his cellular telephone ending in -6443 from the phone number confirmed to belong to Defendant, (925) 233-4123.

16.    Defendant called Plaintiff LOFTUS at least eight times on or about August 21, 2019 to November 30, 2020 on his cellular telephone numbers ending in -8898 and -4665 from the phone numbers confirmed to belong to Defendant, including but not limited to (951) 234-7221, (805) 203-8921, and (833) 884-5649.

17.    Defendant called Plaintiff FLOYD on or about March 3, 2020 on his cellular telephone number ending in -0267 from the phone number confirmed to belong to Defendant, (619) 658-2055.

18.    Defendant called Plaintiff FABRICANT at least five times on or about December 30, 2019 to July 21, 2020 on his cellular telephone numbers ending in -0058, -8950, and -2755 from the phone numbers confirmed to belong to Defendant, including but not limited to, (209) 299-1942, (769) 206-8279 and (209) 421-0357.

19.    Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiffs seeking to sell or solicit its business services. At one or more instance during these calls, Defendant utilized an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*.

20.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

21.     Defendant's calls were placed to telephone numbers assigned to cellular telephone services for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

22.     Plaintiffs are not  customers of Defendant's services and have never provided any personal information, including their cellular telephone numbers, to Defendant for any purpose whatsoever.

23.     Defendant never received Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

24.     Plaintiffs allege upon information and belief, including without limitation their experiences as recounted herein, especially her experience of being called despite Defendant's lack of express consent to call them, that Defendant lacks reasonable policies and procedures to avoid the violations of the Telephone Consumer Protection act herein described.

## CLASS ALLEGATIONS

25.     Plaintiffs bring this action individually and on behalf of all others similarly situated, as a member the proposed class (hereafter, "The Class") defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

26.     Plaintiffs represent, and are members of, The Class, consisting of all persons within the United States who received any solicitation telephone calls from Defendant to said person's cellular telephone made through the use of any

automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

27.   Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.   Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

28.   The Class is so numerous that the individual joinder of all of its members is impractical.   While the exact number and identities of The Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon allege that The Class includes thousands of members.   Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendant.

29.   Plaintiffs and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and The Class members via their cellular telephones thereby causing Plaintiffs and The Class members to incur certain charges or reduced telephone time for which Plaintiffs and The Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and The Class members.

30.   Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.   These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

> a.   Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with

the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b.    Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

    c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

31.    As people that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of The Class.

32.    Plaintiffs will fairly and adequately protect the interests of the members of The Class.  Plaintiffs have retained attorneys experienced in the prosecution of class actions.

33.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

34.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical

matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

35. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

36. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

38. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

39. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

40. Plaintiffs repeat and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-39.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

42.    As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

43.    Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiffs and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B)*; and
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and
- Any and all other relief that the Court deems just and proper.

### JURY DEMAND

44.    Pursuant to her rights under the Seventh Amendment to the United States Constitution, Plaintiffs demand a jury on all issues so triable.

Respectfully Submitted this 5th day of October, 2021.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s Todd M. Friedman
        Todd M. Friedman
        Law Offices of Todd M. Friedman
        Attorney for Plaintiff